

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
December 22, 2025
Nathan Ochsner, Clerk

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 25-34816-H5-11 |
| **Almitas Latinas, LLC** | § | |
| Debtor | § | Chapter 11, Subchapter V |
| | § | |

ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

(Docket No. 51)

CAME ON FOR CONSIDERATION on December 22, 2025, the Plan of Reorganization of Almitas Latinas, LLC (the "Debtor" or "Almitas Latinas") (Docket No. 51) (the "Plan") under 11 U.S.C. §1191. The Court finds that notice of the hearing on confirmation of the Plan and deadlines regarding filing written objections to the Plan has been given in accordance with the Bankruptcy Code, and the Federal and Local Rules of Bankruptcy Procedure.

One creditor, Claremont Property Co. f/k/a Texas Claremont Property Co., Inc., holder of a Class 1 claim and a Class 2 claim voted to accept the Plan. It is therefore,

ORDERED THAT**:**

A. The Plan, filed at docket 51 in this case, complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation and is hereby **CONFIRMED** under 11 U.S.C. § 1191(a).

B. In accordance with 11 U.S.C. § 1142, the Debtor is authorized and directed without the need for any further approval to immediately take any action necessary or appropriate to implement, effectuate, and consummate the Plan and any transactions contemplated thereby or by this Order in accordance with their respective terms.

C. Melissa Haselden, appointed as the Subchapter V Trustee of this case (the "Subchapter V Trustee"), pursuant to 11 U.S.C. § 1183, may file with the Court an application for professional fees, under 11 U.S.C. § 330, for services performed prior to confirmation of the Plan. Debtor shall pay approved Subchapter V Trustee fees and expenses as provided under the Plan and by Order of this Court.

D. The Debtor shall be the disbursing agent for all distributions made under the Plan.

      E.    Debtor shall be responsible for any post confirmation reporting required by the United States Trustee.

      F.    Debtor shall be and is hereby discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt: (i) imposed by this Plan; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

      G.    Notwithstanding any language in the Plan to the contrary, interest shall not accrue on unsecured non-priority claims.

      H.    Default remedies under the Plan include Default Notices, and the right for creditors to proceed to collect all amounts owed pursuant to state law without further recourse to the Bankruptcy Court if a default is not cured within the time provided for in the Plan.

]

Signed: December 22, 2025

_____
Jeffrey P. Norman
United States Bankruptcy Judge

Approved:

*/s/ Nikie Marie López-Pagán*
Reese W. Baker
Texas Bar No. 01587700
Nikie Marie López-Pagán
Texas Bar No. 24090233
Counsel for Debtor